**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 19-cv-02200-CMA-STV

EIS COLORADO, INC., a Colorado corporation,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Defendant.

---

**ORDER AFFIRMING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the May 1, 2020 Recommendation by Magistrate Judge Varholak, wherein he concludes that this case should be dismissed for failure to prosecute. (Doc. # 48.) Defendant filed an Objection on May 15, 2020. (Doc. # 50.) Plaintiff did not file a Response. For the following reasons, the Court affirms the Recommendation **and** sustains Defendant's Objection.

## I. BACKGROUND

Magistrate Judge Varholak's Recommendation details the factual and procedural background of this case. (Doc. # 48 at 1–3.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, the factual background of this matter will be reiterated only to the extent necessary to address Defendant's Objection.

This case involves an insurance policy dispute. Plaintiff EIS Colorado, Inc. is a business entity that is asserting claims under an assignment from the insured homeowner.

Plaintiff's former counsel filed a Motion to Withdraw on January 28, 2020. (Doc. # 32.) The Motion indicated that Plaintiff "understands that it will continue to be responsible for 'complying with all court orders and time limitations established by applicable statutes and rules' . . . and has been instructed that since Plaintiff is a legal entity, [it] may not appear without counsel . . . ." (Doc. # 32.) Magistrate Judge Varholak held a hearing on the Motion on February 12, 2020. (Doc. # 35.)

Plaintiff's corporate representative, Michael Gochenour, attended the hearing. Magistrate Judge Varholak clearly explained to Mr. Gochenour that "as a corporation, [Plaintiff] was not permitted to appear before this Court without counsel." (Doc. # 48 at 2.) At the end of the hearing, Magistrate Judge Varholak granted Plaintiff's Motion to Withdraw and ordered Plaintiff to secure new counsel by February 28, 2020. Even after Magistrate Judge Varholak granted an extension of time, *see* (Doc. # 38), Plaintiff failed to comply with the order to secure new counsel. Additionally, Mr. Gochenour made several attempts to represent Plaintiff *pro se. See* (Doc. ## 36, 45).

Accordingly, on March 31, 2020, Magistrate Judge Varholak issued an Order to Show Cause. (Doc. # 43.) The order directed Plaintiff to demonstrate in writing "**on or before April 15, 2020,** why this matter should not be dismissed based upon Plaintiff's failure to comply with this Court's order to timely retain counsel and Plaintiff's resulting failure to prosecute." (*Id.* at 3.) Plaintiff did not comply with the show cause order.

## II.     STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III.     ANALYSIS

In the Recommendation, Magistrate Judge Varholak concluded that this case should be dismissed. (Doc. # 48 at 4.) Defendant agrees with that conclusion, as does this Court. In its Objection, however, Defendant argues that the case should be dismissed **with prejudice**, which is an issue that Magistrate Judge Varholak did not reach in the Recommendation.

Under Federal Rule of Civil Procedure 41, a district court may dismiss an action with prejudice if the plaintiff fails "to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the

3

rules of civil procedure or court's orders." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962))).

However, "[b]ecause dismissal is such a harsh sanction, it is appropriate only in cases of willfulness, bad faith, or some other fault of [the plaintiff]." *Chavez v. City of Albuquerque*, 404 F.3d 1039, 1044 (10th Cir. 2005) (quotation and alteration omitted). Accordingly, the Tenth Circuit has held that Rule 41(b) involuntary dismissals should be determined by reference to the criteria set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). *See Black v. Larimer Cty.*, 722 F. App'x 763, 767 (10th Cir. 2018). The *Ehrenhaus* factors are as follows:

1. The degree of actual prejudice to the defendant;
2. The amount of interference with the judicial process;
3. The culpability of the litigant;
4. Whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and
5. The efficacy of lesser sanctions.

*Auto-Owners Ins. Co. v. Summit Park Townhome Assoc.*, 866 F.3d 852, 860 (10th Cir. 2018) (citation and quotation marks omitted).

"The factors do not create a rigid test but are simply criteria for the court to consider." *Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing *Ehrenhaus*, 965 F.2d at 921). As applied to the instant case, the *Ehrenhaus* factors show that dismissal with prejudice is warranted.

Defendant has been prejudiced by Plaintiff's failure to prosecute. Specifically, Defendant has been deprived of a timely resolution of Plaintiff's claims. Under the present circumstances, and without judicial action, Plaintiff could keep this case pending indefinitely, "which is inapposite with the '**just, speedy**, and inexpensive determination of every action,' contemplated by the Federal Rules of Civil Procedure." *Am. 2030 Capital Ltd. v. Sunpower Grp. Ltd.*, No. 19-cv-02676-CMA-KMT, 2020 WL 2079187, at *2 (D. Colo. Apr. 30, 2020) (quoting Fed. R. Civ. P. 1). Moreover, this case has been pending for nearly one year, and Defendant has expended significant resources defending itself. A dismissal without prejudice could force Defendant to unnecessarily expend additional resources relitigating the same claims—even though it was not at fault for the termination of this case—which would compound the prejudice Plaintiff has caused.

Plaintiff's lack of diligence in this case has substantially interfered with the judicial process. Because of Plaintiff's failure to comply with Magistrate Judge Varholak's direction to secure replacement counsel, this Court has expended an unreasonable amount of time and resources trying to move this case forward. As a result, Plaintiff has taken "time away from individuals in other cases who have meritorious claims and serious injuries that deserve to be redressed promptly." *Valentine v. PNC Fin. Servs. Grp., Inc.*, No. 18-cv-01934-CMA-SKC, 2019 WL 5957297, at *3 (D. Colo. Nov. 13, 2019). This is not a case in which Plaintiff is a lay person who can be excused for lack of familiarity with the procedural rules. Rather, Plaintiff is a business entity that was represented by counsel who clearly advised it of its obligations in this case.

Plaintiff is culpable for its failure to prosecute. Plaintiff was advised by its former counsel, Magistrate Judge Varholak, and this Court, *see* (Doc. # 46 at 2), that it could not proceed without counsel. However, despite being more than adequately advised, Plaintiff still failed to comply with orders to secure counsel and orders that it could not proceed *pro se*.

The fourth and fifth *Ehrenhaus* factors are also satisfied. Magistrate Judge Varholak's Order to Show Cause served as ample notice that Plaintiff's failure to comply with court orders could result in the termination of this case. Additionally, there is no evidence that a sanction less than dismissal with prejudice would incentivize Plaintiff to amend its conduct.

## IV.   CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

- Magistrate Judge Varholak's Recommendation (Doc. # 48) that this case should be dismissed is AFFIRMED AND ADOPTED;

- Defendant's Objection (Doc. # 50) that dismissal should be **with prejudice** is SUSTAINED;

- This case is DISMISSED WITH PREJUDICE based on Plaintiff's failure to prosecute and failure to comply with court orders; and

- Defendant's Motion to Dismiss (Doc. # 42) is DENIED AS MOOT.

DATED: June 29, 2020                    BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge